Filed 2/21/25  P. v. Jean CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>                    v.<br><br>ANDY JEAN,<br><br>    Defendant and Appellant. | A169974<br><br>(Napa County<br>Super. Ct. No. 23CR002102) |

Andy Jean appeals from a judgment rendered upon a negotiated disposition of his case in Napa County Superior Court.  Jean's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting we independently review the record.  Counsel has advised Jean of his right to submit a supplemental brief, and Jean has not done so.  Our independent review of the record has disclosed no appellate issues that warrant further briefing.  Indeed, we conclude this appeal is moot in light of the trial court's issuance of an amended judgment while this appeal was pending and, therefore, we will dismiss this appeal.

## I. BACKGROUND

The Napa County District Attorney first charged Jean with an assortment of crimes in a complaint filed in September 2023.  Additional charges were added, resulting in the filing of an amended complaint and a

1

second amended complaint.  In the second amended complaint, filed in December 2023, Jean was charged with two counts of first degree burglary of a person who was present (Pen. Code, § 459)[1] and one count each of the following:  attempted robbery (§§ 211, 213, subd. (b)); petty theft (§ 490.2); giving false information to a police officer (§ 148.9, subd. (a)); receiving stolen property not exceeding $950 (§ 496, subd. (a)); second degree commercial burglary (§ 459); and attempted grand theft of a person (§§ 664, 487, subd (c)).

At the same time as the filing of this second amended complaint, Jean and the prosecution agreed to a negotiated disposition of his case in which he pleaded no contest to first degree burglary of a person who was present, a violent strike offense; second degree commercial burglary; and attempted grand theft of a person.  The parties asked the court to sentence Jean to serve three years in state prison and dismiss the other counts with a *Harvey*[2] waiver.

Jean signed a plea form agreeing to this negotiated disposition, as did the prosecutor.  Jean's attorney acknowledged on the form that he had advised Jean regarding the charges, possible defenses, and the consequences of Jean's pleas.

The court found that Jean expressly, knowingly, voluntarily, and intelligently waived his rights, and that he understood the nature of the charges and the consequences of his pleas.  The court held a hearing, found Jean had made his pleas freely and voluntarily and that there was a factual basis for them, accepted the pleas, found Jean guilty of the counts pled to, and dismissed the other charges with a *Harvey* waiver.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758–759.

For sentencing, the probation department prepared a report that summarized Jean's crimes. On the morning of September 15, 2023, the Napa Police Department received a report that a man had entered a local nursing home in the early hours of that morning and stolen a purse and a cell phone from a sleeping resident. That same morning, police responded to a report of a person attempting to break into a residence. They located that person, who was Jean, although he gave police a different name. He had the purse and phone, as well as a cell phone belonging to another person, who contacted police and said it had been taken from his unlocked, parked car.

Police arrested Jean. They later discovered he also had tried to steal a purse from an employee at the nursing home the morning of the other incidents, and that the distinctive baseball jersey he wore at the time of his arrest had been taken from a person's office on the morning of September 14, 2023.

At his sentencing hearing on January 16, 2024, the trial court denied probation and sentenced Jean to three years in state prison as requested by the parties. This sentence consisted of an upper term sentence of three years for first degree burglary; a concurrent upper term of three years for second degree burglary; and a concurrent upper term of one year and six months for attempted grand theft of a person.

Jean timely filed a notice of appeal and a request for a certificate of probable cause from the trial court on March 12, 2024. His only and entire explanation for this request was that "his conviction and plea were a result of the denial of his rights to due process." The court denied his request. It stated in its denial that Jean had waived his right to an appeal.

While Jean's appeal was pending, the trial court was informed by the California Department of Corrections and Rehabilitation (CDCR) that it had

3

erred by sentencing Jean to the *upper* term of three years for his first degree burglary conviction because no such term for that crime existed. The court subsequently held another sentencing hearing on May 21, 2024, at which it sentenced Jean to the lower term of two years for his first degree burglary; a consecutive term of eight months, which was one third of the middle term for his second degree burglary conviction; and a consecutive term of four months, which was one third of the middle term for his grand theft of a person conviction. The court further ordered that all other previously ordered terms and conditions, fines, and fees remained in full force and effect, and directed the court clerk to prepare an amended abstract of judgment.

The court then issued an amended abstract of judgment reflecting these new sentencing orders on June 6, 2024. The record does not indicate Jean has appealed from this resentencing.

## II. DISCUSSION

We have independently reviewed the record under *Wende* and conclude there are no issues that warrant further briefing. We will dismiss this case as moot.

The trial court, upon the recommendation of the CDCR, resentenced Jean in May 2024 in order to correct its sentencing error and subsequently issued an amended abstract of judgment. The trial court was authorized to take this action under section 1172.1, subdivision (a)(1), which provides in relevant part, "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . pursuant to subdivision (h) of Section 1170, the court may, on its own motion, . . . at any time upon the recommendation of the secretary . . . in the case of a defendant incarcerated in state prison . . . recall the sentence and commitment previously ordered

4

and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (See *People v. Codinha* (2023) 92 Cal.App.5th 976, 984 [acknowledging section 1172.1's allowance of sentence recall and resentencing upon the CDCR secretary's recommendation is an exception to the general common law rule that a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced].)

Further, the trial court's amendment of its earlier judgment vacated that earlier judgment, the only one indicated in the record to be appealed from by Jean. In the absence of the judgment appealed from, Jean's appeal is moot. (See e.g., *Graylee v. Castro* (2020) 52 Cal.App.5th 1107, 1113 [vacatur of a judgment and entry of an amended judgment rendered appeal from the first judgment moot]; *Reliant Life Shares, LLC v. Cooper* (2023) 90 Cal.App.5th 14, 38 [appellate issue mooted by the issuance of an amended judgment below].)

Because of his agreement to the plea agreement, Jean was required to obtain a certificate of probable cause from the trial court in order to pursue matters prior to sentencing such as his plea and conviction. (§ 1237.5.) The trial court denied his certificate request, in which he stated in one sentence that his plea and conviction was a violation of his due process rights. The court stated that Jean had waived his appellate rights. We see no appellate issues requiring further briefing regarding the court's denial.

We also see no appellate issues requiring further briefing regarding Jean's sentencing, including in the imposition of fines and fees. Any arguable error by the trial court in indicating it was sentencing Jean to an improper upper term for his first degree burglary conviction has been mooted by the court's amendment of the abstract of judgment while this appeal was pending. In the amended judgment, the trial court properly imposed a three-year sentence, the term the parties asked the court to impose as a part of their plea agreement.

## III. DISPOSITION

Because the trial court entered an amended abstract of judgment from which there was no timely appeal, this appeal is dismissed as moot.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

6